IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CALISTA DAWN SINCLAIR                                             PLAINTIFF

vs.                                   Civil No. 6:14-cv-06133

CAROLYN COLVIN                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Calista Dawn Sinclair ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

     Plaintiff filed her application for DIB and SSI on September 7, 2011. (Tr. 9, 162-173). Plaintiff alleged she was disabled due to scoliosis, headaches, depression, and anxiety. (Tr. 194). Plaintiff alleged an onset date of April 2, 2007. (Tr. 9). Plaintiff's DIB and SSI applications were denied initially and at the reconsideration levels. (Tr. 9, 76-78, 84-85).

     Plaintiff then requested an administrative hearing on her applications. (Tr. 88-90). Plaintiff's hearing was held on July 30, 2013. (Tr. 27-34, 35-71). Plaintiff was present and was represented

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

by counsel, Michael Angel, at this hearing. *Id.* Plaintiff, her mother Cynthia Gleghorn, and Vocational Expert ("VE") Mack Welch, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c)(2009). (Tr. 44). The Plaintiff testified she had a GED. *Id.*

On August 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 9-21). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2011. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2007. (Tr. 11, Finding 2).

The ALJ determined Plaintiff had the severe impairments of scoliosis, migraines, major depressive disorder, and anxiety. (Tr. 11, Finding 3). The ALJ also determined, however, the Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-14, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform light work, can frequently climb, balance, kneel, and crawl, but only occasionally stoop or crouch; and the mental RFC to understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately with coworkers and supervisors with only occasional incidental contact that is not necessary to the work; have no dealing with the general public; and respond appropriately to minor changes in usual

work routine. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined Plaintiff unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a small production assembler with approximately 4,700 such jobs in Arkansas and 230,000 such jobs in the nation, machine feeder with approximately 3,000 such jobs in Arkansas and 124,000 such jobs in the nation, and poultry line worker with approximately 10,000 such jobs in Arkansas and 400,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 2, 2007 through the date of the decision. (Tr. 21, Finding 11).

On September 22, 2014, the Appeals Council declined to review this decision. (Tr. 1-3). On November 20, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 1, 2015. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or

her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12, Pg. 5-7. Specifically, Plaintiff claims the ALJ erred in failing to fully and fairly develop the record. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

As previously mentioned, Plaintiff argues the ALJ failed in his duty to properly develop the record in reference to Plaintiff's mental impairments. Defendant argues substantial evidence shows

the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

The ALJ determined Plaintiff had severe impairments that included major depressive disorder and anxiety. (Tr. 11, Finding 3). In making the RFC determination, the ALJ found Plaintiff had the mental RFC to understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately with coworkers and supervisors with only occasional incidental contact that is not necessary to the work; have no dealing with the general public; and respond appropriately to minor changes in usual work routine. (Tr. 13-14, Finding 5).

To begin with, the record supports the ALJ's findings with regards to Plaintiff's mental impairments. As the ALJ discussed, the Plaintiff did not seek any mental health care for the first four years of the alleged period of disability from 2007 to 2011 and first reported moderate anxiety and depression to Dr. Barton Parish, on September 8, 2011. (Tr. 18, 307-309). On March 22, 2012, Dr. Parish indicated Plaintiff was doing well on her psychotropic medications. (Tr. 409).

The ALJ also relied on the findings of psychologist Dr. Shannon D. Parsons, who saw Plaintiff on November 8, 2011. (Tr. 339-343). Dr. Parsons indicated Plaintiff was able to drive, required no assistance with activities of daily living, and could shop if she had assistance when heavy lifting was involved. (Tr. 342). Plaintiff was able to communicate her needs effectively and did not

appear to have difficulty developing and maintaining relationships. *Id.* Dr. Parsons also found Plaintiff displayed no remarkable difficulty in completing tasks during the interview, and there was no remarkable evidence of impairment in remaining goal-directed. (Tr. 343). Plaintiff also testified her psychotropic medications helped manage her symptoms, and she did not have any side effects. (Tr. 46, 61-62).

The medical record contains Plaintiff's known treatment records dating back to 2000 and during the relevant period from 2007 to 2013. (Tr. 277-432). The ALJ also arranged a consultative psychological examination by Dr. Parsons and two record reviews by psychologists Dr. Kogut and Dr. Cheryl Woodson-Johnson. (Tr. 339-343, 344-357, 405). The ALJ was not required to obtain additional psychological examinations or tests because the record contained sufficient evidence to determine whether she was disabled.

As a result of the above, substantial evidence shows the ALJ met his duty to fairly develop the record.

**4. Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of October 2015.**

    /S/ Barry A. Bryant  
    HONORABLE BARRY A. BRYANT  
    U.S. MAGISTRATE JUDGE